UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO K. MPOY,<br><br>                Plaintiff,<br><br>   v.<br><br>ADRIAN FENTY, *et al.*, | Civil Action No. 09-1140 (EGS) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's motion for a preliminary injunction. Based on plaintiff's motion, defendants' opposition, and plaintiff's reply, the Court will deny the motion.

I.  BACKGROUND

Plaintiff describes himself as "an . . . African American citizen of the United States who was born in the Congo."  Amd. Compl. ¶ 3.  He alleges that the DC Teaching Fellows Program recruited him and that the District of Columbia Public Schools ("DCPS") hired him "to teach for a minimum of four years in exchange for university tuition support leading to full teaching certification."[1]  *Id.* ¶ 11.  Pursuant to a contract between plaintiff, the DC Teaching Fellows

---

[1]  The DC Teaching Fellows Program's website describes its program as follows:

The DC Teaching Fellows program is looking for people from all backgrounds to commit to becoming teachers in the DC Public School system's most challenged schools.

(continued...)

Program and DCPS, he alleges that he was a special education teacher for disabled elementary school students, that he attended graduate level courses at George Washington University, and that DCPS paid approximately 50% of his tuition.  *Id.* ¶¶ 10, 16-17.  Plaintiff represented that "[h]is matriculation at the university is an integral part of his contract with [DCPS.]"  Pl.'s Mot. for Prelim. Inj. Relief ("Pl.'s Mot.") at 4.  DCPS issued plaintiff a provisional teaching certificate on October 15, 2007, and the certificate expires on October 14, 2010.  *Id.*, Ex. 16 (certificate).

Generally, plaintiff alleges that defendants discriminated and retaliated against him because he refused to falsify records regarding his students' educational progress and grade levels.  In addition, he alleges that defendants denied him an appropriate classroom to accommodate his students, the assistance of teaching materials, books, competent classroom aides, and other support.  Plaintiff's complaints to the school principal and to DCPS' Chancellor went unanswered.  Ultimately, plaintiff was terminated as of August 1, 2008.  *Id.* ¶ 128;  Pl.'s Mot., Ex. 19 (Personnel Action).

Plaintiff brings this action against the Mayor of the District of Columbia, DCPS' Chancellor, three DCPS employees, the Director of the New Teacher Project, and the Director of the D.C. Teaching Fellows Project, *see* Amd. Compl. (caption), under 42 U.S.C. § 1983, alleging violations of rights protected by the First and Fifth Amendments to the United States Constitution (Counts II and III), *see id.* ¶¶ 137-38, ¶¶ 141-42, under the District of Columbia's

---

[1](...continued)
This highly selective program offers a fast-track application process, specialized training, a network of support, and an opportunity to effect student achievement for professionals transiti

http://www.dcteachingfellows.org/faq.html#1

Whistleblower Act (Count I), *id.*, ¶¶ 133-34, and under the District of Columbia Human Rights Act (Count IV), *id.* ¶¶ 145-46.  In addition, he brings contract and tort claims (Counts V and VI).  *Id.* ¶¶ 149-50, 153-54.  He demands declaratory and injunctive relief, as well as unspecified monetary damages.

## II.  DISCUSSION

Injunctive relief is an extraordinary remedy, and plaintiff bears a substantial burden to obtain it.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Injunctive relief of this nature is warranted "only when the movant demonstrates: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction."  *In re Navy Chaplaincy*, 516 F. Supp. 2d 119, 122 (D.D.C. 2007) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (citation omitted)), *aff'd*, 534 F.3d 756 (D.C. Cir. 2008).  Plaintiff fails to meet this standard.

In his motion for injunctive relief, plaintiff asks the Court to "issue an order . . . reinstating him as a special education teacher in the [DCPS] pending the outcome of trial on the merits."  Pl.'s Mot. at 16.  He argues that "he will suffer irreparable damage because he cannot recover the time he would have lost as a graduate student in the special education program at The George Washington University[] because he has exhausted all the time that the university affords him to be absent . . . without being dismissed as a student."  *Id*. at 12-13.  He represents that "there would be no guarantee that the university would readmit [him] after he . . . prevail[s] on the merits" of this case.  *Id.* at 13.  Apparently the contract required that plaintiff meet the requirements for obtaining a teaching license within a set period of time, *see  id.*, and if he were

unable to do so, he avers that he "would never be able to teach." *Id.* Further, "in light of his age, [plaintiff states that] he cannot recover the training and teaching experience he would have missed." *Id.* Lastly, he claims that, "[w]ithout interim relief, [he] may also become demoralized and lose his dedication, motivation and desire to teach." *Id.* "Such psychological damage is irreparable[,]" plaintiff alleges. *Id.*

Defendants argue that plaintiff does not show "he is in danger of suffering *extraordinary* irreparable harm." Defs. District of Columbia Pub. Schools' and District of Columbia Government's Mem. of P. & A. in Opp'n to Pl.'s Mot. for Prelim. Inj. ("Defs.' Opp'n") at 14 (emphasis in original). According to defendants, plaintiff remained a student at George Washington University even after his affiliation with the DC Teaching Fellows Program ended, and "for reasons unbeknownst to Defendants, plaintiff apparently elected not to continue his graduate studies[.]" *Id.* Further, defendants argue that George Washington University, not defendants, "set[s] the rules pursuant to which plaintiff could complete his graduate studies and continue matriculation at George Washington [University]," such that his "only complaint against the Defendants can be that he no longer receives money for his tuition." *Id.* at 15.

The Court has reviewed the parties' submissions, and concludes that plaintiff shows neither a substantial likelihood of success on the merits of his claims nor an irreparable injury if the requested injunctive relief is not granted. Defendants present several arguments that the underlying amended complaint fails to state claims upon which relief can be granted. *See* Defs.' Opp'n at 4-14. Although the Court will not address these arguments at this time, the arguments are sufficient to undermine plaintiff's assertion of a substantial likelihood of success on the merits. It is not clear that George Washington University already has expelled plaintiff, or that

his expulsion is imminent, or that plaintiff must apply for readmission to the graduation program. Rather, the record suggests that plaintiff has requested or already has taken a leave of absence from the university for reasons which are not articulated clearly in the motion and which may not be attributable to the named defendants' actions.

Accordingly, the Court will deny plaintiff's motion for injunctive relief without prejudice. An Order accompanies this Memorandum Opinion.

SIGNED:   EMMET G. SULLIVAN
          United States District Judge

DATED:    December 15, 2009